UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES W. BAUER,

      Plaintiff,

v.                                    Case No: 2:15-cv-721-FtM-99MRM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Sealed Report and Recommendation (Doc. #40), filed December 22, 2016, recommending that the Commissioner's Opposed Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. #19) be granted and the case be dismissed for lack of subject matter jurisdiction. Plaintiff Charles W. Bauer (plaintiff or Bauer), proceeding *pro se*, filed Objections (Doc. #43) on April 5, 2017.

Plaintiff Charles W. Bauer (plaintiff or claimant) applied for and began receiving early retirement benefits from the Social Security Administration (the SSA). There has never been any question about plaintiff's eligibility for such benefits. Almost twelve years later, plaintiff became convinced that the amount of his retirement benefits was improperly computed, and asked the SSA

to correct the computation, pay the correct monthly amount, and pay past-due benefits. Plaintiff ultimately was given an administrative hearing before an Administrative Law Judge (ALJ), who agreed that plaintiff's retirement benefits were improperly computed. (Doc. #19-1, Exh. 1.) The SSA Appeals Council disagreed, retroactively dismissed plaintiff's request for a hearing as untimely, and deemed the ALJ's decision to have "no effect." (Doc. #19-1, Exh. 4.)

Plaintiff challenges the Appeals Council's decision in federal district court. The Commissioner of Social Security (the Commissioner) asserts that the SSA has never made a "final decision" after a hearing, as required by 42 U.S.C. § 405(g), and therefore a district court lacks subject matter jurisdiction. The magistrate judge agreed with the Commissioner, and recommends dismissal of the case for lack of subject matter jurisdiction.

For the reasons set forth below, the Court accepts much of the Report and Recommendation, but declines to accept the magistrate judge's finding that the court lacks subject matter jurisdiction. The motion to dismiss is denied because the record establishes that federal district court does have subject matter jurisdiction in this case.

**I.**

The Court adopts the "Factual and Procedural Background" portion of the Report and Recommendation. (Doc. #40, pp. 5-12.) In sum:

Plaintiff served four years of active duty in the United States Air Force and then thirty-three years as a military reservist, dual status air technician for the Air National Guard. Plaintiff's employment was thus under the control of the United States Department of Defense from January 1969 through June 1995, when he was honorably discharged from his position as a military reservist.

In 2001, plaintiff applied for early old age retirement benefits at the age of sixty-two. It is undisputed that plaintiff was eligible for these retirement benefits. The SSA computed plaintiff's retirement benefits utilizing the Windfall Elimination Provision (WEP), 42 U.S.C. § 415(7)(A), which reduces Social Security retirement benefits when a claimant simultaneously receives both SSA benefits and a pension based on employment not covered by Social Security.[1] Plaintiff voiced no objections to

---

[1] The Court also adopts the discussion of the WEP and the Acquiescence Rule as set forth in the Report and Recommendation, Doc. #40, pp. 2-5. See also Stroup v. Barnhart, 327 F.3d 1258 (11th Cir. 2003) (discussing the WEP and holding that the SSA's interpretation of the statute was reasonable).

the computation of the benefits, although plaintiff now asserts that the SSA failed to provide him with constitutionally adequate notice that his retirement benefits were being reduced by the WEP.

In 2012, plaintiff was informed by a non-official source that he was exempt from the WEP formula because of his prior employment as a military reservist, dual status technician with the Air National Guard.  Later in 2012, plaintiff contacted the local Social Security office in Fort Myers, Florida and the SSA office in Birmingham, Alabama in order to have the computation of his retirement benefits corrected.  On November 6, 2012, plaintiff completed a Request For Reconsideration form which had been sent to him by the Birmingham SSA office, requesting an additional increase of his social security benefits based upon his active duty and National Guard service. On May 6, 2013, plaintiff went to the Fort Myers SSA office for a review of his Request For Reconsideration, and learned that his Social Security file had been destroyed by the SSA.  The SSA provided only a "Military Service & Windfall Elimination Input" printout as its file.  The SSA refused to remove the WEP deduction from the calculation of plaintiff's retirement benefits.

On May 20, 2013, plaintiff wrote the SSA National Headquarters requesting a change in his benefits to remove the WEP deduction. For the first time, plaintiff made reference to an untitled Eighth

Circuit case. On June 6, 2013, the SSA National Headquarters acknowledged plaintiff's request to remove the WEP offset of his benefits based on Petersen v. Astrue[2], and remanded his case back to the Fort Myers Office for assistance in filing a written request for a benefit change.

On June 10, 2013, plaintiff completed and returned a "Statement of Claimant or Other Person" form requesting a review of the WEP reduction of benefits, asserting that as a military reservist the WEP deduction was inapplicable to his retirement benefits pursuant to Policy #RS00605.383 (of the Commissioner's Program Operations Manual System [POMS]) and requesting that his benefits be corrected.

An August 28, 2013, letter from the SSA denied plaintiff's request to correct his benefits. The SSA stated that it had made plaintiff's benefits calculation decision prior to the Eighth Circuit decision in Petersen v. Astrue[3], plaintiff was not living in any of the States within the Eighth Circuit, the SSA would not change its prior decision, and the earlier SSA decision "remains

---

[2] Petersen v. Astrue, 633 F.3d 633 (8th Cir. 2011).

[3] As the magistrate judge stated, Petersen is an Eighth Circuit case which adopted a position regarding the WEP with which the SSA disagrees and, pursuant to an Acquiescence Ruling, only applies to persons residing in the Eighth Circuit. (Doc. #40, pp. 3-5.)

the final decision of the agency in your case." The letter attached a copy of the Acquiescence Ruling 12-X(8). (Doc. #37-13, Exh. K.)

On September 27, 2013, plaintiff filed a Request For Hearing by an Administrative Law Judge. Plaintiff asserted that pursuant to 42 U.S.C. § 415(a)(7)(D) he was exempt from the WEP. On January 9, 2014, the SSA granted the request for a hearing before an Administrative Law Judge.

On January 28, 2015, plaintiff was given an administrative hearing before Administrative Law Judge Maria C. Northington (ALJ), and plaintiff and his wife presented various evidence and arguments. On March 10, 2015, the ALJ issued a fully favorable decision to plaintiff. The ALJ stated that the only issue was whether plaintiff's benefits were incorrectly calculated. The ALJ found that while Petersen did not apply to plaintiff's case, plaintiff's retirement benefits had been improperly reduced by the WEP because the WEP did not apply to plaintiff.

Plaintiff's favorable decision did not last long. On March 30, 2015, an assistant regional commissioner opined that the ALJ's decision was "contrary to the law and regulations." (Doc. #19-1, Exh. 2.) On May 6, 2015, the Appeals Council sent plaintiff a Notice of Appeals Council Action in which it informed plaintiff it was reviewing the decision of the ALJ because it found an error of

law. The Appeals Council stated that it planned to vacate the ALJ decision and dismiss the request for a hearing filed on September 30, 2013. The Appeals Council stated that it had determined that the ALJ correctly determined that Petersen did not apply to plaintiff's case, and therefore the ALJ could not reopen the case since the time period for reopening had passed, citing 20 C.F.R. § 404.988. The Appeals Council also found that the ALJ was not substantively correct because the WEP did apply to plaintiff's benefits, and found that the ALJ should therefore have dismissed the case pursuant to 20 C.F.R. § 404.903(o). Plaintiff was advised he had thirty days to submit more evidence or a statement of facts and law, and to request an appearance before the Appeals Council. The Appeals Council would make its ultimate decision at the end of those time periods. (Doc. #19-1, Exh. 4.)

Plaintiff thereafter filed requests for appearance and memoranda of law, but on June 9, 2015, the Appeals Council denied the requests for appearance. Plaintiff filed additional information, as allowed by the Appeals Council.

On September 25, 2015 the Appeals Council entered an Order Of Appeals Council from which plaintiff seeks judicial review. The Appeals Council held that the ALJ correctly found that Petersen did not apply to plaintiff, "in which case, the [ALJ] could not reopen this case, as the time period for reopening had past [sic]."

Additionally, the Appeals Council found that the ALJ decision was not substantively correct because the WEP did apply to plaintiff, and therefore procedurally the ALJ should have dismissed the case because "an action denying a request to readjudicate a claim and apply an Acquiescence Ruling is not an initial determination subject to judicial review." The Appeals Council found that it could dismiss the hearing request for any reason the ALJ could have, and therefore the Appeals Council retroactively dismissed the request for hearing filed on September 30, 2013. The result, according to the Appeals Council, was that the ALJ decision had "no effect." The SSA told plaintiff that the Appeals Council's decision was final and not subject to further review. See Doc. #19-1, Exh. 4, Notice of Order.)

## II.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district

judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

### III.

The only issue that was properly before the magistrate judge, and the only issue currently before the Court, is whether subject-matter jurisdiction exists for a federal district court to review the September 25, 2015 Order of Appeals Council. (Doc. #40, p. 14.) The Commissioner's motion to dismiss raises a factual challenge to the district court's subject matter jurisdiction. (Doc. #19, pp. 6-7.)

### A. Social Security Act Jurisdiction Principles

"The district court's jurisdiction is limited by the Social Security Act, and judicial review exists only over the 'final decision of the Commissioner of Social Security.'" Cash v. Barnhart, 327 F.3d 1252, 1255 (11th Cir. 2003) (quoting 42 U.S.C. § 405(g)). This statute provides in relevant part that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may

obtain a review of such decision by a civil action" in federal
district court. 42 U.S.C. § 405(g). Thus, § 405(g) limits
judicial review to (1) final decisions of the Commissioner (2)
made after a hearing to which plaintiff was a party. Califano v.
Sanders, 430 U.S. 99, 108 (1977). Section 405(g) provides the
exclusive method of obtaining judicial review of a claim for the
social security benefits at issue in this case. 42 U.S.C. §
405(h).

The Social Security Act does not define "final decision,"
instead leaving it to the Commissioner to give the term meaning
through regulations. See 42 U.S.C. § 405(a); Weinberger v. Salfi,
422 U.S. 749, 766 (1975); Sims v. Apfel, 530 U.S. 103, 106 (2000).
The Commissioner has determined that a "final decision" is rendered
only after a claimant has sought and obtained from the SSA: (1) an
initial determination; (2) a reconsideration determination; (3) a
hearing before an administrative law judge; and (4) a discretionary
Appeals Council review. 20 C.F.R. § 404.900(a). If an individual
fails to "take the next step within the stated time period", the
right to both administrative review and to judicial review will be
lost. 20 C.F.R. § 404.900(b). "When the Appeals Council grants
review, the Appeals Council decision is reviewable as the final
decision of the Secretary[, but w]hen the Appeals Council denies
review, the decision of the ALJ becomes the final decision of the

Secretary." Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998) (quoting Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994)).

**B. Standard of Review**

The Commissioner makes a factual challenge to the subject matter jurisdiction of the Court, and therefore the Court may consider extrinsic evidence and need not weight the facts in the light most favorable to plaintiff. Collier v. Comm'r of Soc. Sec., 504 F. App'x 835, 837 (11th Cir. 2013) (citing Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009)). The crux of the Order of Appeals Council is that: (1) the ALJ correctly found that Petersen did not apply to plaintiff, "in which case, the [ALJ] could not reopen this case, as the time period for reopening had past [sic];" (2) the ALJ decision was not substantively correct because the WEP did apply to plaintiff; and (3) because the WEP did apply to plaintiff, the ALJ should have dismissed the case because "an action denying a request to readjudicate a claim and apply an Acquiescence is not an initial determination subject to judicial review." (Doc. #19-1, Exh 4.)

"When the jurisdictional basis of a claim is intertwined with the merits [of the claim], the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction."

Lawrence v. Dunbar, 919 F.2d 1525, 1530 (11th Cir. 1990). "[J]urisdiction becomes intertwined with the merits of a cause of action when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169–70 (11th Cir. 2011) (quoting Morrison v. Amway Corp., 323 F.3d 920, 926 (11th Cir.2003)) (citation and quotations omitted). Title 42 of the United States Code, Section 405, is such a statute. Accordingly, the Court applies a Rule 56 standard in resolving the Commissioner's motion to dismiss.

**C. Existence of Subject Matter Jurisdiction In This Case**

The Report and Recommendation proceeds along the following lines: Plaintiff did not demonstrate that he presented his claim for an "initial determination" by SSA, or demonstrate that the SSA made an initial determination of entitlement, or that plaintiff's claim was subject to the administrative review process set forth in 20 C.F.R. § 404.900 *et seq.* The Magistrate Judge found that the denial of plaintiff's request to reopen or reconsider the 2001 calculation of his retirement benefits was not an "initial determination," nor was the denial of plaintiff's request to apply the Acquiescence Ruling. Thus, while plaintiff's claim to reopen could be reviewed by the SSA, it was not subject to the

administrative review process or judicial review. The magistrate judge concluded that the decision of the Appeals Council "was not a final decision made after a hearing by SSA subject to review by the Court. None of the steps to exhaust administrative remedies occurred and SSA made no final decision in this action." (Doc. #40, p. 19.)

The Report and Recommendation also recognizes that notwithstanding the lack of a final decision, a decision by the Commissioner is subject to judicial review if: (1) a colorable constitutional claim is raised; or (2) the decision is reconsidered to any extent at any administrative level. The Report and Recommendation found that neither of these two circumstances had been established. (Doc. #40, pp. 19-25.)

**(1)    Denial of Request to Reopen**

The SSA, and the magistrate judge, viewed plaintiff's 2012 request to re-compute benefits only as a request to re-open the 2001 determination that plaintiff was entitled to early retirement benefits and the amount of those benefits. Although the SSA should not have taken such a myopic view of plaintiff's request, even when viewed this narrowly, the SSA resolution does not deprive plaintiff of his right to judicial review.

As a request to re-open the 2001 determination, the request is governed by certain time restrictions set forth in § 404.988.

Plaintiff was far beyond the 12 month limit of § 404.988(a), which allows reopening for any reason. Plaintiff was also far beyond the 4 year limit of § 404.988(b), which allows reopening for good cause. The determination, however, may be reopened "at any time" under certain circumstances, including if the determination "is fully or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made." § 404.988(c)(8). While the Court agrees with the magistrate judge's finding that the clerical error portion of this regulation is not applicable (Doc. #40, pp. 17-18), the second prong is at least plausibly applicable to this case but went unaddressed by the SSA. Since the SSA destroyed plaintiff's file and simply had a one-sheet printout, the record does not establish "the evidence that was considered when the determination or decision was made." Therefore, on this record it cannot be determined whether this prong of § 404.988(c)(8) was satisfied, which would make the request timely. While plaintiff bears a heavy burden of establishing such facial error[4], his success or failure on the

---

[4] Mines v. Sullivan, 981 F.2d 1068, 1070 (9th Cir. 1992) (error must be "absolutely clear"); Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993) (factual disputes do not constitute error on the face of the evidence).

issue is a merits determination which is not so speculative as to be a jurisdictional impediment.

Even without the (c)(8) issue, and when viewed solely as a request to reopen the 2001 determination, the record still does not establish a lack of subject matter jurisdiction. It is certainly true that "[g]enerally, courts do not have jurisdiction over the Commissioner's decision not to reopen a claim since such a refusal is not a final decision within the meaning of 42 U.S.C. § 405(g)." <u>Loudermilk v. Barnhart</u>, 290 F.3d 1265, 1268 (11th Cir. 2002) (citation omitted). "Yet, subject matter jurisdiction to review the Commissioner's decision not to reopen a prior application exists in two limited circumstances: (1) a colorable constitutional claim is raised; or (2) the decision is reconsidered to any extent at any administrative level." <u>Id.</u> <u>See also</u> <u>Cash</u>, 327 F.3d at 1256-57.

**(a)  *De Facto* Reopening and Reconsideration on Merits**

"The law is well established that judicial review under § 405(g) is available when a social security claim is in fact reopened and reconsidered on the merits to any extent at any administrative level." <u>Macon v. Sullivan</u>, 929 F.2d 1524, 1529 (11th Cir. 1991) (citations omitted). The magistrate judge noted that while the ALJ considered the claim on the merits, the Appeals Council dismissed plaintiff's request for a hearing and found the

ALJ's decision to be of no effect.  The magistrate judge determined that this meant that "no decision was reconsidered at any administrative level in this case," and therefore jurisdiction could not be predicated on this exception to the final order requirement.  (Doc. #40, p. 19 n.8.)  The Court rejects this analysis for two reasons.

First, the Court does not find a persuasive legal basis for the proposition that the Appeals Council can make the ALJ action disappear by simply saying it "has no effect."  "The Appeals Council may affirm, modify, or reverse the administrative law judge's hearing decision, or it may adopt, modify or reject a recommended decision."  20 C.F.R. §404.979.  While this certainly includes the authority to vacate the action of an ALJ, that does not expunge the action from the record.  To "vacate" an action simply means "to set aside a previous action."  20 C.F.R. § 404.901.  While a vacated decision will have no legal effect, it is not expunged from the record for jurisdictional purposes.[5] Rather, as the Eleventh Circuit has stated, the result is to substitute the Appeals Council decision for the ALJ decision.

---

[5] The Court finds the overly expansive language in <u>White v. Schweiker</u>, 725 F.2d 91, 94 (10th Cir. 1984) unpersuasive.  <u>White</u> stated in *dicta* that when the Appeals Council substitutes its judgment for that of the ALJ, "[i]t is as if the hearing before the ALJ on the merits of Mrs. White's claim never took place."

Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998) ("When the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Secretary").

Second, the Order of Appeals Council, independently of the ALJ's Decision, **did** reconsider the merits of the claim. The Appeals Council relied on the substantive merits of the WEP argument to find that the ALJ should have dismissed the request for hearing. First, the Appeals Council found that the ALJ was correct that Peterson did not apply, and therefore the Appeals Council held that the ALJ should have dismissed the request for a hearing because the ALJ could not reopen the case since the time period in § 404.988 had passed. Second, the Appeals Council found that the ALJ was "not substantively correct" as to the WEP because the WEP did apply to plaintiff, and therefore the ALJ should have dismissed the request pursuant to § 404.903(o). Thus, even if the Appeals Council can make the ALJ's decision simply disappear, the Appeals Council itself engaged in a *de facto* reopening and reconsideration of the claim, which allows for judicial review.

**(b)   Colorable Constitutional Claim**

The magistrate judge also found that the lack of a colorable constitutional claim precluded subject matter jurisdiction under this exception to the final order requirement. Plaintiff raises two putative constitutional claims, a violation of due process

concerning the notice given by the SSA, and a violation of equal protection for treating him differently than others in the computation of benefits.

The Court agrees with and adopts the magistrate judge's finding that the record does not support a colorable due process violation based on the content of the notice provided by the SSA, and that equitable tolling should not be applied. (Doc. #40, pp. 20-24.) See Das v. Dep't of Health & Human Servs., 17 F.3d 1250, 1255-56 (9th Cir. 1994) (holding that Windfall Elimination Provision comports with due process); Perez v. Berryhill, 707 F. App'x 490, 491 (9th Cir. 2017); Robson v. Berryhill, 707 F. App'x 441, 444-45 (9th Cir. 2017). As to the equal protection discussion, the Court disagrees with two sentences on page 24.[6] The Court agrees, however, with the conclusion that the record fails to present a colorable constitutional claim on equal protection grounds. See Mitchell v. Colvin, 809 F.3d 1050, 1055-6 (8th Cir. 2016); Loudermilk, 290 F.3d at 1268 n.2 (finding an equal protection claim to be without merit because Loudermilk did not reside within the states or territories of the Acquiescence Ruling).

---

[6] The Court declines to accept the following sentences: "Plaintiff failed to bring this action in a timely manner. His benefits determination is final, and there is a procedural bar from this Court reconsidering those benefits." (Doc. #40, p. 24.)

**(2) Initial Determination and Administrative Process**

An equally serious shortcoming in the asserted lack of subject matter jurisdiction position is that the record reflects plaintiff did present the SSA with a request for an "initial determination" with regard to re-computation of his retirement benefit amount, the SSA did make an initial determination, and plaintiff did complete the SSA administrative process. As such, a federal district court has subject matter jurisdiction to review plaintiff's challenges to the Appeals Council's decision.

A written request with acceptable evidence is all that the Commissioner requires to make a request for a recomputation of benefits. 20 C.F.R. § 404.286. Plaintiff presented his claim for recomputation of the amount of his retirement benefit by several written requests, including on November 6, 2012, May 20, 2013, and June 10, 2013. The SSA made an initial determination on August 28, 2013 when it refused to recompute the amount of plaintiff's benefits. The regulations describe an "initial determination" as "a determination we make about your entitlement or your continuing entitlement to benefits **or about any other matter, as discussed in § 404.902, that gives you a right to further review**." 20 C.F.R. § 404.900(a)(1)(emphasis added). Section 404.902 describes initial determinations that are subject to administrative and judicial review to include determinations about "(c) The amount of

your benefits;", "(d) A recomputation of your benefits;" and "(j) Any overpayment or underpayment of your benefits." <u>See</u> 20 C.F.R. § 404.902(a), (c), (j). In turn, § 404.903 describes administrative actions which are not initial determinations and not subject to judicial review, including determinations about "(l) Denying your request to reopen a determination or decision"; and "(o) Denying your request to readjudicate your claim and apply an Acquiescence Ruling. . . ." 20 C.F.R. § 404.903(l), (o).

The SSA chose to characterize plaintiff's requests as falling only under portions of § 404.903, but the requests fall just as neatly under portions of § 404.902. Plaintiff's claim clearly related to the amount of his benefits, a recomputation of his benefits, and an underpayment of his benefits. This clearly presents a claim for an initial determination under 20 C.F.R. § 404.902(a),(c), and (j). The SSA is obligated to conduct the review process "in an informal, non-adversarial manner." 20 C.F.R. § 404.901(b).

**(3) Conclusions**

The record does not support the statement in the Report and Recommendation that "None of the steps to exhaust administrative remedies occurred and SSA made no final decision in this action." (Doc. #40, p. 19.) Plaintiff **did** file a claim for recomputation of the amount of his retirement benefits. By whatever name it

chooses, SSA **did** make a determination of this claim. Whether correctly or not, the SSA **did** give plaintiff a hearing before an ALJ despite the delay in asserting the claim, the ALJ **did** rule in plaintiff's favor, the Appeals Council **did** review that decision, and plaintiff suffered an adverse decision from the Appeals Council. The Court finds that subject matter jurisdiction for judicial review does exist, and the motion to dismiss will be denied.

This leaves the review on the merits of the Amended Complaint (Doc. #6), in which plaintiff seeks judicial review of the application of the WEP to the calculation of his early old age insurance benefits. The Commissioner will be required to file its answer.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation (Doc. #40) is hereby **adopted in part and rejected in part**, as set forth above.

2. Plaintiff's Objections (Doc. #43) are **overruled in part and sustained in part** as set forth above.

3. The Commissioner's Opposed Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. #19) is **DENIED** as the Court finds subject matter jurisdiction.

4. The Commissioner shall file an answer within **THIRTY (30) DAYS** of this Opinion and Order.

5. A Scheduling Order will issue under separate cover by the Magistrate Judge.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of April, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Honorable Mac R. McCoy
All Parties of Record