UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES W. BAUER,

    Plaintiff,

v.                                Case No: 2:15-cv-721-FtM-29MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. #74), filed on June 28, 2019, recommending that the Decision of the Commissioner be affirmed. Plaintiff filed Objections (Doc. #80) on August 14, 2019, and the Commissioner filed a Reply to Plaintiff's Objections (Doc. #85) on September 1, 2019. Plaintiff also filed two Unopposed Motions for Judicial Notice (Docs. #77, #78) on August 12, 2019.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

**II.**

Plaintiff served 4 years with the United States Air Force, and 33 years as a reservist. Plaintiff served as a dual status air technician for the Air National Guard, which position required plaintiff to wear a military uniform and be deployment ready. Plaintiff applied for retirement benefits in 2001 at age 62. Plaintiff received his monthly retirement insurance benefits (RIB), but it was reduced by the windfall elimination provision

(WEP).  In 2012, plaintiff was informed that he was exempt from the WEP and sought reconsideration of his benefits calculation. Plaintiff received a hearing before an ALJ.

On March 10, 2015, the Administrative Law Judge rendered a fully favorable decision finding that plaintiff's social security benefits were incorrectly calculated and that the windfall elimination provision should not apply.  (Doc. #19-1.)

On March 30, 2015, the Southeastern Program Service Center Assistant Regional Commissioner issued a letter indicating that the ALJ's decision would not be implemented pending further review since it was contrary to law and regulations.  The Appeals Council found that the ALJ correctly found that Peterson v. Astrue[1] did not apply, and therefore the ALJ could not have reopened the case. Further, the Appeals Council found that the ALJ should have dismissed the case.  As a result, the Appeals Council dismissed a request for hearing, and deemed that the Decision of the ALJ had no effect.  (Id.)  In dismissing the request for a hearing, the Appeals Council specifically found that the ALJ's decision was not substantively correct because the WEP did apply to plaintiff.

On April 20, 2018, the Court issued an Opinion and Order (Doc. #44) denying the Commissioner's motion to dismiss for lack of subject matter jurisdiction, finding that subject matter

---

[1] Petersen v. Astrue, 633 F.3d 633 (8th Cir. 2011).

jurisdiction did exist.  The Court found that the Appeals Council had engaged in a *de facto* reopening of the case and reconsideration of the claims, which allowed for judicial review on the merits.

**III.**

As to the merits, the Magistrate Judge addressed whether the uniformed service exception to the WEP applied to plaintiff's position as an Ohio Air National Guard military technician (dual status).  Relying on <u>Martin v. Soc. Sec. Admin., Comm'r</u>, 903 F.3d 1154 (11th Cir. 2018), the Magistrate Judge recommends that the Social Security Administration's interpretation be affirmed.  In <u>Martin</u>, which found that work as a dual status technician was not "wholly" as a uniformed service member and therefore the military exception to WEP did not apply, the Eleventh Circuit gave deference to the agency interpretation under <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134 (1944), and did not use the framework under <u>Chevron, U.S.A., Inc. v. Nat'l Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984).

The Magistrate Judge noted a dual status employee is a civilian position, that Congress refers to a dual status technician as a civilian position, and plaintiff even received separate pensions for the two positions.  The Magistrate Judge found that the factual difference in duties for plaintiff compared to those of <u>Martin</u>, including being under military command, did not render

a dual status technician position to be a "wholly" military position.

The Magistrate Judge also addressed the issue of whether the Social Security Administration erred by not inputting plaintiff's taxed earnings correctly. As a preliminary matter, the Magistrate Judge found that the issue is tied to the WEP and therefore plaintiff exhausted his administrative remedies. The Magistrate Judge concluded that remand was not required for recalculation because the Commissioner's calculation of plaintiff's earnings and RIB were supported by substantial evidence despite the destruction of the record in this case.

**IV.**

Plaintiff filed objections arguing the Magistrate Judge:

> erred in overlooking a ruling that SSA omitted the Average Indexed Monthly Earnings ("AIME"), that SSA omitted calculating high and low determinations on thirteen of Mr. Bauer's yearly military earnings from 1966, 1970-71, 1978-84 and 1986, and improper Deemed Military Wages ("DMW") were entered by SSA on its print-out. High and low determinations for those years, correct military wages, and inclusion of proper DMW figures, are essential elements in determining Mr. Bauer's RIB without causing him substantial harm. The R&R also lacked findings that Mr. Bauer is exempt from the WEP for forty-nine years of full-time employment. In 2001, the AIME was based on thirty years of full-time employment, and not thirty-five years. (Tr. 51, at 60).

(Doc. #80, pp. 3-4.) Mr. Bauer also objects to the Magistrate Judge's assessment that plaintiff's Civil Service Retirement

System (CSRS) full time earnings were "not relevant." (Id., p. 4). More specifically, Mr. Bauer objects that the Commissioner's 1991-1992 explanations in its Supplemental brief were based on speculation and not substantial evidence (id., pp. 4-5); that military earnings from January to June 30, 1995, with plaintiff's July to December 1995 covered tax earnings of $2,035.25 from Evergreen Aviation Ground, and his covered earnings from July 1995 to 2001 were improperly lumped in with his military earnings from 1957 to 1995 when the WEP was applied to plaintiff's benefits (id., p. 6).

After an independent review, the Court agrees with the conclusions of the Magistrate Judge that the uniformed service exception to the WEP does not apply, and therefore plaintiff is not exempt from the WEP. The Court need not reach the objections to the calculations of plaintiff's earnings on this basis.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #74) is **accepted and adopted** by the Court.

2. Plaintiff's Objection (Doc. #43) is **OVERRULED**.

3. Plaintiff's Unopposed Motions for Judicial Notice (Docs. #77, #78) are **denied as moot.**

4. The Decision of the Commissioner of Social Security is **affirmed.**

5. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __30th__ day of September, 2019.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Mac R. McCoy
U.S. Magistrate Judge

Plaintiff
Counsel of Record